IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY DALE BELLEW                                                    PLAINTIFF

v.                    Civil No. 05-4060

GLAXO SMITHKLINE CORP., et al.                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now pending before the court are three separate motions to dismiss from the defendants in this matter. Prior to removal of this case to federal court under grounds of diversity jurisdiction, Defendant Watson Pharmaceutical's filed a motion to dismiss. After removal, Defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline and GlaxoSmithKline plc ("GSK") filed motions (Docs. 2, 7) to dismiss, and Defendant Bret F. Craytor, M.D. filed a motion (Doc. 8) to dismiss.

These motions have been referred (Doc. 11) to the undersigned for issuance of this Report and Recommendation.

### I. Background

According to plaintiff's complaint filed in state court on July 14, 2005, and attached to the Notice of Removal (Doc. 1) in this court, plaintiff alleges defendants are liable for claims of fraud and deceit, negligence, malpractice, breach of warranty and implied warranty relief, and the wrongful deaths of plaintiff's wife and son. Plaintiff is presently serving a sixty (60) year term of imprisonment for the murders of his wife and son. This sentence was imposed on April 4, 2001. (Complaint at ¶ 8.) Plaintiff contends that at his criminal trial it was established he had a chronic addiction to the prescription drugs Paxil and Hydrocodone. According to the plaintiff,

AO72A
(Rev. 8/82)

GSK is the producer and distributor of the antidepressant drug Paxil (Complaint at ¶¶ 4-5), and Watson Pharmaceuticals, Inc., is the producer and distributor of the medication Hydrocodone (Complaint at ¶ 6.)

When he was taken off of the Paxil and Hydrocodone, plaintiff contends that he suffered "serious and unexpected withdrawal reactions, and neither he nor his physician expected these withdrawal reactions because the manufacturers deliberately failed to warn of their potential occurrence." (Complaint at ¶ 11(A).) Plaintiff contends that the manufacturers of the drugs knew about the severe withdrawal reactions and suppressed this information. (Complaint at ¶ 11(B).) Plaintiff claims that his family physician, Defendant Craytor committed medical malpractice in prescribing Paxil and Hydrocodone to plaintiff and failing to render professional services that met the appropriate standard of care. (Complaint at ¶ 11(D).) At his criminal trial, plaintiff contends that numerous witnesses presented testimony about his use of, and addiction to, both Paxil and Hydrocodone. (Complaint at unnumbered pp. 7-8; 11-12.) Apparently, plaintiff is contending that his withdrawals from Paxil and Hydrocodone caused him to kill his wife and son.

Plaintiff initially attempted to bring his claims against these defendants in a 42 U.S.C. § 1983 action in the United States District Court for the Eastern District of Arkansas on November 26, 2004. That court found that the three-year statute of limitations had run and that there were no facts to support plaintiff's claim that the defendants had acted under the color of state law, as required for an action under section 1983. The section 1983 claims were dismissed with prejudice. The court declined to exercise supplemental jurisdiction "to the extent plaintiff is attempting to bring any state law claims which are not precluded by the statute of limitations,"

and dismissed those claims without prejudice. *See Bellew v. Glaxo SmithKline Corp.*, No. 4:04CV01519JMM (E.D. Ark. May 5, 2005) (order dismissing case).

In his complaint, plaintiff states that his claim falls under the statute of limitations, pursuant to Arkansas Code Annotated § 16-56-105, in that his claim arose within three years of the final adjudication of his criminal conviction, that being 90 days after the Arkansas Supreme Court issued its "mandate" on plaintiff's direct appeal of his criminal case. While it is unclear what "mandate" plaintiff is referring to, the court notes that his criminal conviction was upheld by the Arkansas Court of Appeals on June 5, 2002. *See Bellew v. Arkansas*, No. CACR 01-778 (Ark. App. June 5, 2002).

In its motion to dismiss, GSK argues all of plaintiff's claims are barred by the relevant statutes of limitation, plaintiff lacks standing to bring a wrongful death claim, and service of process on GSK was insufficient. (Docs. 2-3.) GSK later withdrew its argument that plaintiff lacks standing to bring the wrongful death claim in light of their discovery that plaintiff was appointed executor of his wife's estate. (Doc. 7.) Watson Pharmaceutical and Dr. Craytor argue in their motions to dismiss that the statute of limitations bars plaintiff's claims. (Docs. 1, 8-9.) Dr. Craytor further contends that plaintiff failed to file an affidavit by a medical expert within thirty days of the complaint, as required under Arkansas law. (Doc. 9.) All defendants claim that the statute of limitations began to run on the alleged claims no later than April 4, 2001, the date of plaintiff's conviction, because plaintiff knew at that time of the alleged injury and the alleged connection of that injury to his use of Paxil and Hydrocodone, because according to plaintiff such allegation was raised as a defense at his criminal trial. (Docs. 1, 2-3, 8-9.)

In response to the motions to dismiss, plaintiff states that the defendants concealed the

-3-

AO72A
(Rev. 8/82)

essential facts needed by him to become knowledgeable about any potential claim. Plaintiff does not state what those facts are or may be. (Doc. 13.)

## II. Discussion

Federal Rule of Civil Procedure 12(b)(6) provides that a party may by motion assert the defense of failure to state a claim upon which relief may be granted. Dismissal under this rule is proper where it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *See Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). As the Eighth Circuit explained, "a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *See id.* "[W]hen it 'appears from the face of the complaint itself that the limitations period has run,' a limitations defense may properly be asserted through a Rule 12(b)(6) motion to dismiss." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (*quoting Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985), *cert. denied* 475 U.S. 1028 (1986)). "[I]f it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled." *Id.*

Under Arkansas law, the statute of limitations for the tort claims of fraud and deceit, products liability, strict liability, and breach of warranty claims is three years. *See Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 582, 66 S.W.3d 568, 579 (2002) (*citing Hampton v. Taylor*, 318 Ark. 771, 887 S.W.2d 535 (1994); Ark. Code Ann. § 16-56-105) (fraud and deceit); Ark. Code Ann. § 16-116-103 (product liability actions); *Adams v. Arthur*, 333 Ark. 53, 87-88, 969 S.W.2d 598, 615-616 (1998) (strict liability); *Follette v. Wal-Mart Stores, Inc.*, 41 F.3d 1234, 1236 (8th

AO72A
(Rev. 8/82)

Cir. 1994) (breach of warranty). The three-year statute of limitations for wrongful-death claims begins to run upon the date of the decedent's death. *See Davis v. Parham*, No. 04-929, 2005 WL 1120219 (Ark. 2005); Ark. Code Ann. § 16-62-102(c). Claims of medical malpractice are governed by a two-year statute of limitations. *See* Ark. Code Ann. § 16-114-203(a-b).

The Eighth Circuit addressed the question of application of the Arkansas statute of limitation in a products liability claim brought against a pharmaceutical manufacturer for alleged injuries resulting from an addiction to a drug and held that the plaintiff's awareness of the alleged dependency placed the plaintiff "on notice" of the injuries resulting from that addiction *See Uhiren v. Bristol-Myers Squibb*, 346 F.3d 824, 828 (8th Cir. 2003). Thus, the statute of limitations began to run from the point in time when the plaintiff had notice of the injury--full awareness of the consequences was not necessary. *See id.*

According to the plaintiff's complaint, several experts testified at his criminal trial about his use of, and addiction to, Paxil and Hydrocodone. The plaintiff was sentenced on his criminal trial on April 4, 2001. Plaintiff obviously had notice at that time about a potential claim at the time of his criminal trial as he depended on such a claim as a defense. Therefore all relevant statutes of limitation began to run no later than April 4, 2001, the date of his conviction. *See eg., Meadors v. Still*, 344 Ark. 307, 312, 40 S.W.3d 294, 298 (2001) (fraud suspends running of statute of limitations until party having cause of action discovers fraud or should have discovered it by exercise of reasonable diligence).

The complaint in this case was filed in state court on July 14, 2005. The other complaint initiated under section 1983 and brought in the Eastern District of Arkansas was filed on November 26, 2004. Neither filing dates are within the relevant two-year and three-year statutes

of limitations, and thus plaintiff's claims are barred. *See eg*, Ark. Code Ann. § 16-56-126 (Arkansas's one-year savings statute; providing that if initial action brought within statute of limitations is nonsuited, plaintiff may commence new action within one year after the nonsuit).

Plaintiff has not met his standard of proving by preponderance of the evidence that the statutes of limitations should be tolled in this case. In his response to the defendants' motions for dismissal, plaintiff states only that certain evidence was withheld from him that prevented him from knowing of his claim. This statement is vague and conclusory, and it is belied by the fact that plaintiff raised a similar a claim in his criminal defense, as evidenced by his complaint, which reports the various witnesses who testified about his addiction to Paxil and Hydrocodone.

Also, plaintiff's contention that his complaint is timely under Arkansas Code Annotated section 16-56-105, because he brought the complaint within three years of a final adjudication of his criminal case, is misplaced. That section provides for the three-year statute of limitations for all tort actions in Arkansas, and it is not limited by the adjudication of a criminal matter. Rather, the statute specifically provides that the civil action "shall be commenced within three (3) years after the cause of action *accrues*." Ark. Code Ann. § 16-56-105 (emphasis added.)

### III. Conclusion

I, therefore, recommend that court grant the following motions: Defendant Watson Pharmaceutical's motion to dismiss filed prior to removal, Defendants SmithKline Beecham Corporation d/b/a GlaxoSmithKline and GlaxoSmithKline plc motions (Docs. 2, 7) to dismiss, and Defendant Bret F. Craytor, M.D. motion (Doc. 8) to dismiss. I further recommend that this dismissal of the complaint be with prejudice.

**The parties have ten days from receipt of this report and recommendation in which**

**to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2006.

                                      **/s/ Bobby E. Shepherd**
                              _____
                              HON. BOBBY E. SHEPHERD
                              UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)